OPINION JUDGMENT ENTRY
{¶ 1} On December 5, 2002, appellant, Robert Dumas, was charged with failure to yield in violation of R.C. 4511.43. A bench trial commenced before a magistrate on January 15, 2003. The magistrate found appellant guilty. Appellant filed objections. By judgment entry filed February 10, 2003, the trial court overruled the objections and affirmed the magistrate's decision. The trial court fined appellant twenty dollars plus court costs.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "The trial court did not follow applicable law in the conviction of defendant robert dumas."
 II {¶ 4} "The trial court did not properly apply the facts to the law when it convicted defendant robert dumas."
 I, II {¶ 5} Appellant challenges the trial court's finding of guilty of R.C. 4511.43(A). Appellant claims the trial court failed to follow the law, and did not properly apply the facts to the law. We disagree.
 {¶ 6} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 7} We must first point out that only a videotape of the bench trial was transmitted with the record. Pursuant to App.R. 9(A), when the transcript of the proceedings is in the videotape medium, "counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented." Because appellant's assignments of error center on the interpretation of the facts to the law, we are limited in our review to the judgment entry of the trial court.
 {¶ 8} Appellant was found guilty of failure to yield in violation of R.C. 4511.43(A) which states as follows:
 {¶ 9} "Except when directed to proceed by a law enforcement officer, every driver of a vehicle or trackless trolley approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways."
 {¶ 10} The facts upon which our review is governed are found in the February 10, 2003 judgment entry of the trial court:
 {¶ 11} "Mr. Newton was proceeding lawfully on State Route 37. The best evidence of his speed was Mr. Newton's testimony that he was driving at approximately forty-five miles an hour in a fifty-five zone. There was no evidence that he was not driving lawfully or was exceeding the speed limit. The Defendant testified that Mr. Newton came up behind him quickly but never indicated that he knew Mr. Newton's speed or that he was exceeding the speed limit. Mr. Newton had the right of way."
 {¶ 12} "The point of collision took place somewhere between 200 and 265 feet past the intersection of State Route 605 and State Route 37. Mr. Newton estimated that he was ten car lengths from the intersection when the Defendant pulled out from State Route 605. This estimate would be consistent with the point of impact."
 {¶ 13} There are also photographs marked as State's Exhibit 1-4 and Defendant's Exhibit A-C.
 {¶ 14} It is clear that the trial court found Newton's testimony to be more credible than appellant's, and that Mr. Newton had done nothing to relinquish his status as the preferred driver. The trial court also found appellant had not completed his turn, and the record does not dispute this conclusion.
 {¶ 15} Upon review of the trial court's findings, coupled with the exhibits, we find the trial court did not err in finding appellant guilty of R.C. 4511.43(A).
 {¶ 16} Assignments of Error I and II are denied.
 {¶ 17} The judgment of the Municipal Court of Delaware County, Ohio is hereby affirmed.
Judgment affirmed.
Gwin, P.J., and Edwards, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.